IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


CORNELL DELVALLE, :
    Petitioner :
     :
v. : CIVIL NO. 3:CV-15-521
     :
     : (Judge Conaboy)
BRENDA TRITT, :
    Respondent :

**FILED SCRANTON**
**JUN 0 1 2017**
Per_____
DEPUTY CLERK

## MEMORANDUM
### Background

Cornell Delvalle, an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania (SCI-Frackville), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Service of the Petition was previously ordered.

Petitioner was charged with multiple counts of delivery of crack cocaine and related charges following a lengthy investigation. The Commonwealth subsequently withdrew and nolle prossed three (3) of the charges after a January 27, 2011 mistrial in the Northumberland County, Pennsylvania Court of Common Pleas. The Commonwealth next filed a motion in limine to preclude Delvalle from introducing evidence pertaining to those withdrawn charges during the upcoming retrial. Petitioner opposed the motion on the grounds that introduction of evidence regarding the withdrawn charges was relevant as it would support the defense's argument

1

that a confidential informant was procuring narcotics from other sources and framing Delvalle. The confidential informant, Petitioner's landlord, was purportedly trying to gain favorable treatment with respect to his own criminal prosecution on drug charges. The opposed motion was granted. Petitioner did not pursue an interlocutory appeal.

During the ensuing jury retrial, the Commonwealth called the confidential informant/landlord as a witness. Defense counsel did cross-examine the confidential informant. Delvalle was convicted of delivery of crack cocaine (5 counts); criminal use of a communication facility (4 counts); and criminal conspiracy to deliver crack cocaine (2 counts) on January 20, 2012.

Petitioner was sentenced to a seventeen and one half (17 ½) to forty-one (41) year term of imprisonment on March 26, 2012. His conviction was affirmed on July 22, 2014 following a direct appeal to the Pennsylvania Superior Court. Delvalle asserts that his direct appeal asserted that he was denied due process and the right to confront his accuser because he was precluded from introducing evidence that the confidential informant provided false information with respect to the withdrawn charges. See Doc. 1, ¶ 9. The Pennsylvania Supreme Court denied a further request for relief by decision dated December 23, 2014. Petitioner acknowledges that he has never filed a petition pursuant to Pennsylvania's Post

Conviction Relief Act (PCRA).[1]

Ground One of Delvalle's pending action claims entitlement to federal habeas corpus relief on the grounds that his due process rights were violated because the trial court, by granting the motion in limine, precluded him from introducing evidence that the confidential informant provided false information against him with respect to two of the charges previously withdrawn by the Commonwealth. Ground Two similarly asserts that the trial court's challenged decision also violated Petitioner's rights under the Confrontation Clause. According to the Petitioner, his pending claims were raised on direct appeal. See id., p. 9.

Respondent contends that Petitioner's claims are unexhausted and also subject to dismissal because the trial court's ruling on the admissibility of evidence was neither an abuse of discretion nor a viable basis for federal habeas corpus relief.

## Discussion

**Exhaustion**

Respondent initially seeks dismissal on the basis that Petitioner failed to exhaust his state remedies because he did not

---

[1] See 42 Pa. Cons. Stat. Ann. § 9541 et seq. The PCRA "permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

3

file an interlocutory appeal after the lower court made a pre-trial ruling on the motion in limine precluding introduction of evidence pertaining to the withdrawn charges. It is also asserted that a finding of non-exhaustion is appropriate because Delvalle did not pursue PCRA relief.

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).

The United States Court of Appeals for the Third Circuit has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001).

"A state prisoner is generally barred from obtaining federal

4

habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" Woodford v. Ngo, 548 U.S. 81, 92 (2006) (internal citations omitted); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The United States Supreme Court in O'Sullivan explained, that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 847. The United States Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts. See id. at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. Evans v. Court of Common Pleas, 959 F. 2d 1227, 1230 (3d Cir. 1992); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir.

5

1997). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted. Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001). The exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. Evans, 959 F.2d at 1230.

A review of the record shows that the substantial equivalent of Petitioner's pending claim was raised and addressed on his direct appeal. Specifically, the Superior Court clearly recognized that Delvalle's direct appeal raised the issue that the lower court violated Petitioner's due process rights and his right to confront his accuser by not allowing Petitioner's trial counsel to introduce evidence that the confidential informant provided false information pertaining to two of withdrawn charges. See Doc. 9-3, p. 4. Since the Pennsylvania state court were provided with an opportunity to review the merits of Delvalle's pending argument, there is no basis for a finding of non-exhaustion.

## Admissibility of Evidence

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent

6

possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1).[2] See generally, Knowles v. Mirzayance, 556 U.S. 111, 114, ( 2009); Gattis v. Snyder, 278 F.3d 222, 234 (3d Cir. 2002); Moore v. Morton, 255 F.3d 95, 104-05 (3d Cir. 2001). The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning. Williams v. Taylor, 529 U.S. 362, 404-405 (2000). As explained in Bell, 535 U.S. at 694:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus of the latter inquiry is on

---

[2] Specifically, 28 U.S.C. § 2254(d)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; . . . .

7

> whether the state court's application of
> clearly established federal law is objectively
> unreasonable . . . .

Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e)(1).

In summary, the appropriate inquiry for federal district courts in reviewing the merits of Section 2254 petitions is whether the state court decisions applied a rule different from the governing law set forth in United States Supreme Court cases, decided the case before them differently than the Supreme Court has done on a set of materially indistinguishable facts, or unreasonably applied Supreme Court governing principles to the facts of the particular case. See Keller v. Larkins, 251 F.3d 408, 417-18 (3d Cir. 2001) (a district court entertaining a § 2254 action must first address whether the state court decision was contrary to Supreme Court precedent); Martini v. Hendricks, 188 F. Supp.2d 505, 510 (D. N.J. 2002) (a § 2254 applicant must show that the state court decision was based on an unreasonable determination of facts in light of evidence presented in the state court proceeding). Findings of fact by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. See 28 U.S.C. § 2254(e)(1).

As a general rule, federal habeas corpus review is not available to adjudge the correctness of a state court evidentiary ruling. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Keller v. Larkins, 251 F.3d 408, 416 n.2 (3d Cir. 2001); Lupkovich v.

8

Cathel, Civil No. 04-5399, 2006 WL 3313975, at *4 (D. N.J., Nov. 14, 2006) ("Because the trial court's ruling limiting the cross-examination of Chester Anderson regarding his reputation for violence presents a question of state evidentiary law, it is not cognizable under § 2254.") In short, evidentiary rulings are matters of state law, and are not within the province of a federal habeas corpus court. See King v. Kerestes, Civil No. 09-1749, 2009 WL 5178805, at *3 (E.D. Pa., Dec. 21, 2009). It is only where an evidentiary ruling "so infuse[s] the trial with unfairness as to deny due process of law," Lisenba v. People, 314 U.S. 219, 228 (1941), that federal habeas corpus review may exist.

In the present case, the trial court's evidentiary ruling granting a motion in limine is a question of state evidentiary law. There has been no sufficient showing that the outcome of the proceedings would have been different if additional cross examination of the confidential informant was permitted.

Evidence is excluded only if its prejudicial effect substantially outweighs its probative value. Perryman v. H & R Trucking, 135 Fed. Appx. 538, 541-42 (3d Cir. 2005). This well settled evidentiary principle "implements a presumption in favor of admissibility." See id. at 542. It is also well recognized that a trial judge is in the best position to render a determination as to potential prejudicial effect.

In addressing this argument, the Pennsylvania Superior Court noted that the confidential informant was Petitioner's landlord and testified pursuant to his own drug trafficking related plea

9

agreement. It concluded that although the trial court erred in precluding the evidence pertaining to the withdrawn charges, "Delvalle was able to effectively present his theory that the [c]onfidential [i]nformant had framed him." Doc. 9-3, p. 8. The Superior Court noted that Petitioner established discrepancies in the informant's testimony and presented other favorable circumstantial evidence undermining the credibility of the confidential informant. However, as noted by the Superior Court, the jury, despite all the strong circumstantial evidence presented by the Petitioner, simply did not accept Delvalle's theory that he was being set up by his landlord/confidential informant. As such, the Superior Court determined that there was no basis for relief because the excluded evidence, although relevant, "was not of such character that it would have fundamentally changed the way the jury viewed the case."
Id. at p. 9

This Court agrees with the assessment of the Superior Court that the ill advised granting of the motion in limine did not undermine the truth determining process to the extent that a reasonable adjudication of guilt or innocence did not occur.

In conclusion, under the standards announced in Estelle, federal habeas corpus review is not available with respect to the challenged evidentiary ruling by the state trial court because it did not infuse the trial with unfairness as to deny due process under the controlling Supreme Court principles announced in Lisenba. As such the granting of the motion in limine, although

10

erroneous, was not of such magnitude as to warrant federal habeas corpus relief. An appropriate Order will enter.

/ s / Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: JUNE 14, 2017